UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY PENNINGTON,

       Plaintiff,

v.                      Case No. 8:19-cv-273-T-33AAS

COVIDIEN LP and MEDTRONIC, INC.,

       Defendants.

_____/

**ORDER**

On August 24, 2018, Defendants Covidien LP and Medtronic, Inc. removed this products liability action to federal court on the basis of diversity jurisdiction under case number 18-cv-2114-T-33SPF. Shortly thereafter, on September 20, 2018, this Court entered an Order sua sponte remanding this action to state court after finding that it lacked subject matter jurisdiction. (Doc. # 22). In the Order, the Court determined that Covidien and Medtronic failed to show by a preponderance of the evidence that the amount in controversy plausibly exceeded $75,000. (Id.). Now, Covidien and Medtronic have again removed this action to federal court on the basis of diversity jurisdiction under case number 8:19-cv-273-T-33AAS. (Doc. # 1).

As this Court noted in the last removal, the Amended Complaint does not state a specified claim to damages. See (Doc. # 1-2 at 47). When "damages are unspecified, the removing party bears the

burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). In an attempt to meet this burden in the last removal, Covidien and Medtronic relied on Plaintiff Randy Pennington's certification that he seeks damages exceeding $75,000. The Court explained that Covidien and Medtronic had not met their burden because Pennington's certification was a legal conclusion, unsupported by any facts or evidence.

"Once a case is remanded to state court, a defendant is precluded from seeking a second removal on the same ground." Watson v. Carnival Corp., 436 F. App'x 954, 955 (11th Cir. 2011). Therefore, now Covidien and Medtronic rely on Pennington's interrogatory answers to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. (Doc. # 1 at ¶ 16). Specifically, Covidien and Medtronic explain:

> [Pennington] verified that he used $27,000.00 from his retirement account to pay for living expenses and medical costs related to injuries arising from [Covidien and Medtronic's] alleged conduct. [Pennington] also verified that, upon conferring with his physician at Sarasota Memorial Hospital, he must undergo revision surgery to address his injury. [Pennington] verified that the, "[r]evision [s]urgery would cost approximately $110,000.00 and a ten-day hospital stay." Therefore, [Pennington] is, at a minimum, seeking damages in the amount of $137,000.00.

(Id.) (citations omitted).

Based on these interrogatory answers, Pennington has only incurred $27,000 in actual damages thus far. On the other hand, while Pennington stated he must undergo a $110,000 surgery, this surgery has yet to occur. Pennington also did not state this surgery has been scheduled yet. (Doc. # 1-2 at 102). Nor was evidence provided from Pennington's doctors to confirm that this surgery is necessary. See MacDonald v. Circle K Stores, Inc., No. 6:08-cv-1825-Orl-22DAB, 2009 WL 113377, at *1 n.1 (M.D. Fla. Jan. 16, 2009) ("[I]nterrogatory 'answers' merely establish the possibility - not a probability - that the [p]laintiff's damages might exceed $75,000."). In fact, Pennington's interrogatory answers stated the surgery was first recommended in 2011, so it is not clear how necessary the surgery is after not having it completed for eight years. Although Covidien and Medtronic aver that Pennington has not yet provided these supporting medical records, the burden is on them to establish that the amount-in-controversy requirement is met by obtaining and providing these documents.

This $110,000 surgery is therefore a hypothetical future medical expense. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010). Consequently, the cost of the

surgery is too speculative to include in the Court's jurisdictional discussion. See Salazar v. Family Dollar Stores of Fla., Inc., No. 8:17-cv-1044-T-23JSS, 2017 WL 2729406, at *2 (M.D. Fla. June 26, 2017) ("Without any evidence about the likelihood that a plaintiff's injury will necessitate a particular treatment, the amount in controversy must exclude as an uncertain prospect the cost of a treatment mentioned by a doctor."); Otto v. Target Corp., No. 8:16-cv-1766-T-33MAP, 2016 U.S. Dist. LEXIS 131028, at *4 (M.D. Fla. Sept. 26, 2016) (remanding case because "[t]he Complaint allege[d] a nonspecific amount, the past medical expenses and lost wages f[e]ll below the threshold, and the extent of future medical expenses [was] highly speculative").

The interrogatory answers also stated Pennington has incurred lost wages because he can only work two or three days per week due to Covidien and Medtronic's alleged conduct. (Doc. # 1-2 at 101). Additionally, the interrogatory answers listed the pain and suffering Pennington has endured. (Id. at 102). However, neither the Notice of Removal nor Pennington's interrogatory answers provides a reasonable assessment of the value of these damages. The Court would therefore be required to engage in rank speculation to ascribe any monetary value to these damages. See Nelson v. Black & Decker (U.S.), Inc., No. 8:16-cv-869-T-24JSS, 2016 U.S. Dist. LEXIS 116623, at *9 (M.D. Fla. Aug. 31, 2016) ("[T]he Court will

4

not engage in speculation regarding the value of [the plaintiff's] claim for pain and suffering.").

In sum, only $27,000 in damages have been incurred, and the remaining damages are speculative. Pennington's statement that he requires a $110,000 surgery without any supporting evidence does not offer much more support than Pennington's certification in the last removal. See Watson, 436 F. App'x at 955 ("[The defendant] should not have a second bite at the apple, particularly because it offered no new evidence supporting removal."). Therefore, Covidien and Medtronic have again failed to establish by a preponderance of the evidence that amount in controversy exceeds $75,000. As a result, this action is remanded for lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is **REMANDED** to state court for lack of subject matter jurisdiction. Once remand is effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of February, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE